**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00215-DLB-CJS**

**BRANDON RETTIG**                                                         **PLAINTIFF**

**v.**

**CITY OF NEWPORT,** *et al.*                                        **DEFENDANTS**

**ANSWER**

The Defendants, City of Newport and Ronald Lalumandier, individually and in his official capacity with the City of Newport, by and through counsel, for their Answer to the Complaint, state as follows:

1. Defendants deny the averments in paragraph 1 of the Complaint.

2. Defendants deny the averments in paragraph 2 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

3. Defendants admit the averments in paragraph 3 of the Complaint.

4. Defendants admit the averments in paragraph 4 of the Complaint.

5. Defendants admit the averments in paragraph 5 of the Complaint.

6. The averments in paragraph 6 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

7. The averments in paragraph 7 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

8. The averments in paragraph 8 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

9. The averments in paragraph 9 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

10. Defendants deny the averments in paragraph 10 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

11. Defendants admit so much of paragraph 11 of the Complaint that avers that police officers were situated outside of an apartment complex on June 8, 2024, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

12. Defendants admit the averments in paragraph 12 of the Complaint.

13. Defendants admit so much of paragraph 13 of the Complaint that avers that multiple police cars were present with lights on, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

14. Defendants admit so much of paragraph 14 of the Complaint that avers that Plaintiff was on the balcony of the apartment complex, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

15. Defendants admit so much of paragraph 15 of the Complaint that avers that Plaintiff directed remarks from the balcony of an apartment, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

16. Defendants deny the averments in paragraph 16 of the Complaint.

17. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 17 of the Complaint, but deny all remaining averments therein.

18. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 18 of the Complaint, but deny all remaining averments therein.

19. Defendants deny the averments in paragraph 19 of the Complaint.

20. Defendants deny the averments in paragraph 20 of the Complaint.

21. Defendants deny the averments in paragraph 21 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

22. Defendants admit the averments in paragraph 22 of the Complaint.

23. Defendants admit so much of paragraph 23 of the Complaint that avers that Officer Lalumandier was a former tenant in the building, but deny all remaining averments therein.

24. Defendants deny the averments in paragraph 24 of the Complaint.

25. Defendants deny the averments in paragraph 25 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

26. Defendants deny the averments in paragraph 26 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

27. Defendants deny the averments in paragraph 27 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

28. Defendants admit so much of paragraph 28 of the Complaint that avers that the officers used the elevator to reach the floor where Plaintiff was believed to be located,

3

but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

29. Defendants admit so much of paragraph 29 of the Complaint that avers that the officers approached the door in the apartment complex, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

30. Defendants deny the averments in paragraph 30 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

31. Defendants admit so much of paragraph 31 of the Complaint that avers that they knocked on the door and waited for a response, but deny all remaining averments therein.

32. Defendants admit the averments in paragraph 32 of the Complaint.

33. Defendants deny the averments in paragraph 33 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

34. Defendants admit so much of paragraph 34 of the Complaint that avers that Plaintiff approached the officers in the hallway of the apartment complex, but deny all remaining averments therein for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

35. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 35 of the Complaint, but deny all remaining averments therein.

36. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 36 of the Complaint, but deny all remaining averments therein.

37. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 37 of the Complaint, but deny all remaining averments therein.

38. Defendants deny the averments in paragraph 38 of the Complaint.

39. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 39 of the Complaint, but deny all remaining averments therein.

40. Defendants admit the averments in paragraph 40 of the Complaint.

41. Defendants admit the averments in paragraph 41 of the Complaint.

42. Defendants admit the averments in paragraph 42 of the Complaint.

43. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 43 of the Complaint, but deny all remaining averments therein.

44. The averments in paragraph 44 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

45. The Citation referenced in paragraph 45 of the Complaint speaks for itself and requires no further response by Defendants.

46. Defendants deny the averments in paragraph 46 of the Complaint.

47. Defendants admit all statements made as captured on police officer body worn camera footage, as referenced in paragraph 47 of the Complaint, but deny all remaining averments therein.

48. Defendants deny the averments in paragraph 48 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

49. The averments in paragraph 49 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

50. Defendants deny the averments in paragraph 50 of the Complaint.

51. Defendants deny the averments in paragraph 51 of the Complaint.

52. Defendants deny the averments in paragraph 52 of the Complaint.

53. Defendants deny the averments in paragraph 53 of the Complaint for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

54. Defendants deny the averments in paragraph 54 of the Complaint.

55. Defendants deny the averments in paragraph 55 of the Complaint.

56. Defendants deny the averments in paragraph 56 of the Complaint.

57. Defendants deny the averments in paragraph 57 of the Complaint.

58. Defendants deny the averments in paragraph 58 of the Complaint.

59. Defendants deny the averments in paragraph 59 of the Complaint.

60. Defendants admit the averments in paragraph 60 of the Complaint.

61. Defendants admit the averments in paragraph 61 of the Complaint.

62. Defendants deny the averments in paragraph 62 of the Complaint.

63. Defendants admit so much of paragraph 63 of the Complaint that avers that charges were filed against Plaintiff but affirmatively state that they were only dismissed after Plaintiff agreed to and completed diversion.

64. Defendants admit the averments in paragraph 64 of the Complaint.

65. Defendants deny the averments in paragraph 65 of the Complaint.

66. Defendants deny the averments in paragraph 66 of the Complaint.

67. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 66 as adopted in paragraph 67 of the Complaint.

68. The averments in paragraph 68 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

69. Defendants deny the averments in paragraph 69 of the Complaint.

70. The averments in paragraph 70 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

71. Defendants deny the averments in paragraph 71 of the Complaint.

72. Defendants deny the averments in paragraph 72 of the Complaint.

73. Defendants deny the averments in paragraph 73 of the Complaint.

74. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 73 as adopted in paragraph 74 of the Complaint.

75. The averments in paragraph 75 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

76. The averments in paragraph 76 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

77. The averments in paragraph 77 of the Complaint call for a conclusion of law which Defendants are not required to make and accordingly, no response is required.

78. Defendants deny the averments in paragraph 78 of the Complaint.

79. Defendants deny the averments in paragraph 79 of the Complaint.

80. Defendants deny the averments in paragraph 80 of the Complaint.

81. Defendants deny the averments in paragraph 81 of the Complaint.

82. Defendants reiterate their admissions and denials to the averments in paragraphs 1 – 81 as adopted in paragraph 82 of the Complaint.

83. Defendants deny the averments in paragraph 83 of the Complaint.

84. Defendants admit so much of paragraph 84 of the Complaint that avers that Plaintiff was handcuffed, but deny all remaining averments therein.

85. Defendants deny the averments in paragraph 85 of the Complaint.

86. Defendants deny the averments in paragraph 86 of the Complaint.

87. Defendants deny the averments in paragraph 87 of the Complaint.

## FIRST DEFENSE

1. The Complaint fails to allege facts sufficient to state a claim against Defendants upon which relief may be granted.

## SECOND DEFENSE

2. The Defendant, Ronald Lalumandier, in his individual capacity, is entitled to qualified immunity from suit, from the federal claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**THIRD DEFENSE**

3.      The Defendant, Ronald Lalumandier, in his individual capacity is entitled to qualified official immunity from suit, from any state law claims asserted therein, and from the liability sought to be imposed by the Plaintiff in his Complaint.

**FOURTH DEFENSE**

4.      At all times referenced in the Complaint, Defendants' actions were reasonable, proper, justified, legal, and undertaken without any wrongful intent, impact or affect.

**FIFTH DEFENSE**

5.      Defendants had probable cause to arrest Plaintiff which is a bar to his Fourth Amendment unlawful arrest claim.

**SIXTH DEFENSE**

6.      Plaintiff is estopped and/or has waived his right to assert some or all of the claims asserted in his Complaint.

**SEVENTH DEFENSE**

7.      Some or all of Plaintiff's claims are barred by the governing statute of limitations and/or the doctrine of laches.

**EIGHTH DEFENSE**

8.      Plaintiff's claims are barred by the doctrines of claim and/or issue preclusion.

**NINTH DEFENSE**

9.      If the Plaintiff was injured and/or damaged as alleged in his Complaint, his injuries and/or damages were caused solely as a result of his own acts or omissions.

**TENTH DEFENSE**

10.     Alternatively, if the Plaintiff was injured and/or damaged as alleged in his Complaint, his injuries and/or damages were caused and brought about by the acts or

omissions of a third-party over whom Defendants had no control and for whose acts or omissions Defendants are neither liable nor responsible to the Plaintiff.

**ELEVENTH DEFENSE**

11. Alternatively, if the Plaintiff was injured and/or damaged as alleged in the Complaint, his injuries and/or damages were caused and brought about by an intervening, superseding, cause outside the realm of knowledge, foreseeability or control of Defendants.

**TWELFTH DEFENSE**

12. Plaintiff has failed to mitigate his damages.

**THIRTEENTH DEFENSE**

13. Plaintiff's Fourth Amendment unlawful entry claim is barred by license and/or consent.

**FOURTEENTH DEFENSE**

14. The imposition of punitive damages against Defendants would violate their constitutional rights under the due process clause of the Fifth and Fourteenth Amendments and the excessive fines clause of the Eighth Amendment of the United States Constitution and similar provisions in the Kentucky Constitution.

**FIFTEENTH DEFENSE**

15. Defendants affirmatively plead all defenses in the Kentucky Claims Against Local Government Act, KRS 65.200 *et seq.* as a bar to Plaintiff's claims.

**SIXTEENTH DEFENSE**

16. To avoid waiver, Defendants assert all affirmative defenses in Civil Rule 8(c) as a bar and/or limitation on Plaintiff's claims.

WHEREFORE, having fully answered, the Defendants, City of Newport and Ronald Lalumandier, individually and in his official capacity, demand that the Complaint be dismissed with prejudice at the cost of the Plaintiff, for an award of attorney fees incurred in defending this action, for trial by jury and for any and all other relief to which they may appear to be entitled.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43785)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
859.394.6200 | 859.392.7200 – Fax
jmando@adamsattorneys.com
cthornberry@adamsattorneys.com

Kate A. Bennett, Esq.
Mattmiller Crosbie
Chase Bank Building
201 East Main Street, Suite 800
Lexington, KY 40507
(859) 287-2400 (Office)
(859) 287-2401 (Fax)
kbennett@mattmillercrosbie.com

*Attorneys for Defendants, City of Newport and Ronald Lalumandier, individually and in his official capacity*

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **3rd** day of March, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send electronic notice to: Robert L. Thompson, Esq.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.